IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CAROL L. CAMP PLAINTIFF

v. CIVIL NO. 26-3003

FRANK BISIGNANO, Commissioner
Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Carol L. Camp, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on March 8, 2022, alleging an inability to work since November 1, 2021, due to post-traumatic stress disorder, depression, attention deficit disorder and anxiety. (Tr. 75, 228, 232). An administrative video hearing was held on October 31, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 35-74).

By written decision dated January 17, 2025, the ALJ found Plaintiff engaged in substantial gainful activity on November 5, 2023, through October 31, 2024. (Tr. 17). The ALJ found Plaintiff did not engage in substantial gainful activity on November 1, 2021, Plaintiff's alleged onset date,

through November 5, 2023.[1] (Tr. 18). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: attention deficit hyperactivity disorder; borderline personality disorder; generalized anxiety disorder; and post-traumatic stress disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertinal limitations: The claimant would be limited to simple tasks. The claimant could have occasional superficial contact with the public and coworkers.

(Tr. 20). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a day worker, bagger, and a router during the time period in question. (Tr. 27)

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on December 19, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12-13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

[1] The ALJ found the relevant time period to be a closed period starting on November 1, 2021, and ending on November 5, 2023, the date Plaintiff began engaging in substantial gainful activity.

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1)The ALJ erred by failing to find Plaintiff met the medical equivalency standard for a mental disorder under Listings 12.04, 12.06, and 12.15; 2) The ALJ failed to give appropriate weight to Plaintiff's subjective complaints; 3) The ALJ erred in determining Plaintiff's RFC; 4) The ALJ erred in the Step Five analysis; and 5) The ALJ erred in failing to find that Plaintiff's return to work was an unsuccessful work attempt. (ECF No. 12). Defendant argues that the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 13).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in evaluating her impairments under Listings 12.04, 12.06, and 12.15. (ECF No. 12, p. 3). Plaintiff has the burden of demonstrating that her impairments meet all the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of any Listing during the relevant time period.

In determining that Plaintiff maintained the RFC to perform a full range of work at all exertional levels but with some nonexertional limitations, the ALJ considered the medical assessments of treating, examining and non-examining agency medical consultants; Plaintiff's subjective complaints; witness letters and her medical records. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a worker, bagger, and a router during the time period in question. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

Finally, Plaintiff argues the ALJ erred by failing to determine Plaintiff's work from the first week of November of 2023, to November 1, 2024, was an unsuccessful work attempt. In the hearing decision, the ALJ noted that this work was performed after the closed period of disability, and that the Social Security Administration will not consider work a claimant has performed at the substantial gainful activity earnings level for more than six months to be an unsuccessful work attempt, regardless of why it ended or was reduced to below the substantial gainful activity earnings level. (Tr. 15). *See* 20 C.F.R. §§ 404.1574(c)(5), 404.974(c)(5). Therefore, Plaintiff's

allegation that the ALJ erred in finding Plaintiff's work was an unsuccessful work attempt is without merit.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 17th day of November 2026.

/s/ Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE